IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAROLINA JOHNSON and CLAUDE COLWELL, | ) ) ) | 2:10-cv-02567-GEB-KJM |
| Plaintiffs, | ) ) | <u>ORDER TO SHOW CAUSE AND</u> <u>CONTINUING HEARING ON</u> |
| v. | ) ) | <u>DEFENDANT BANK UNITED'S</u> <u>MOTION TO DISMISS</u> |
| BANK UNITED F.S.B.; BANK UNITED; FREESTAND FINANCIAL and DOES 1 through 50, inclusive, | ) ) ) | |
| Defendants. | | |

On October 12, 2010, Defendant Bank United filed a motion to dismiss Plaintiffs' Complaint or, in the alternative, a motion for a more definite statement. (ECF No. 4.) The motion is noticed for hearing on November 22, 2010. Plaintiffs have failed to file an opposition or statement of non-opposition to Defendant's motion in compliance with Local Rule 230(c). Since Plaintiffs have not responded to the motion, the motion is rescheduled for hearing on December 20, 2010, commencing at 9:00 a.m. Plaintiff shall file an opposition or statement of non-opposition to the motion as required by Local Rule 230(c).

Further, Plaintiffs and their counsel are hereby ordered to show cause ("OSC") in a filed response to this OSC on or before December 6, 2010, in which they explain why sanctions should not be issued under Local Rule 110 because of Plaintiffs' failure to file an opposition or statement of non-opposition to the pending motion. Plaintiff is warned that a sanction could include a monetary sanction and/or dismissal of

1

1  this case or claims with prejudice. The written response to this OSC
2  also shall state whether Plaintiff or its counsel is at fault, and
3  whether a hearing is requested on the OSC.[1] If a hearing is requested,
4  it will be held on December 20, 2010, commencing at 9:00 a.m.

Dated: November 10, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the "faults . . . of the attorney may be imputed to, and their consequences visited upon, [the attorney's] client." In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2