IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Carolina Johnson and Claude Colwell, | ) ) | 2:10-cv-02567-GEB-KJM |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT* |
| Bank United F.S.B., Bank United, Freestand Financial, and Does 1-50, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

    Defendant Bank United ("Defendant") moves for dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing the Complaint fails to state a claim upon which relief can be granted. In the alternative, Defendant moves for a more definite statement under Rule 12(e).

## I. PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

    Plaintiffs did not file an opposition or statement of non-opposition in response to Defendant's motion as required by Local Rule 230(c). Therefore, an order issued on November 12, 2010, continuing the hearing on the motion and requiring Plaintiffs "to file an opposition or

---

    * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  statement of non-opposition" and to show cause why sanctions should not
2  be imposed for failing to respond to the motion. (ECF No. 5.)

3      Plaintiffs filed both an opposition to Defendant's motion and
4  a "Response to Order to Show Cause." (ECF Nos. 6, 7.)

5                        **II. LEGAL STANDARD**

6      A Rule 12(b)(6) dismissal motion tests the legal sufficiency
7  of the claims alleged in the complaint. <u>Novarro v. Black</u>, 250 F.3d 729,
8  732 (9th Cir. 2001). A pleading must contain "a short and plain
9  statement of the claim showing that the pleader is entitled to relief
10 . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the
11 defendant fair notice of what the [plaintiff's] claim is and the grounds
12 upon which relief rests . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550
13 U.S. 544, 555 (2007).

14     Dismissal of a claim under Rule 12(b)(6) is appropriate only
15 where the complaint either 1) lacks a cognizable legal theory, or 2)
16 lacks factual allegations sufficient to support a cognizable legal
17 theory. <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir.
18 1988). To avoid dismissal, a plaintiff must allege "only enough facts
19 to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550
20 U.S. at 547.

21     In deciding a Rule 12(b)(6) motion, the material allegations
22 of the complaint are accepted as true and all reasonable inferences are
23 drawn in favor of the plaintiff. <u>See al-Kidd v. Ashcroft</u>, 580 F.3d 949,
24 956 (9th Cir. 2009). However, conclusory statements and legal
25 conclusions are not entitled to a presumption of truth. <u>See Ashcroft v.</u>
26 <u>Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Twombly</u>, 550 U.S. at 555. "In
27 sum, for a complaint to survive a motion to dismiss, the nonconclusory
28 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

### III. REQUEST FOR JUDICIAL NOTICE

Defendant's motion includes a request that the Court take judicial notice of a number of documents recorded with the El Dorado County Recorder: a Deed of Trust recorded on December 15, 2005; an Assignment of Deed of Trust recorded on February 8, 2010; a Substitution of Trustee recorded on February 8, 2010; a Notice of Default and Election to Sell under Deed of Trust, recorded on February 8, 2010; and a Notice of Trustee's Sale recorded on August 9, 2010. (Def.'s Req. for Judicial Notice ("RJN") Exs. 3, 6-9.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) (quotations and citation omitted). However, a court may consider matters properly subject to judicial notice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Since these five documents are publically recorded, they are capable of accurate determination and may be judicially noticed. See <u>W. Fed. Sav. & Loan Ass'n v. Heflin</u> <u>Corp.</u>, 797 F. Supp. 790, 792 (1992) (taking judicial notice of documents in a county's public record, including deeds of trust). Therefore, this judicial notice request is granted.[1]

---

[1]    Defendant requested other documents be judicially noticed.
(continued...)

# IV. BACKGROUND

Plaintiffs are "the owners and purchasers of real property located at 4100 Bestafa Court, Placerville, CA." (Compl. ¶ 1.) They purchased their home in or about 1999, and "refinance[d] their home" with Defendant Bank United F.S.B. in 2005. Id. ¶¶ 42, 44, RJN, Ex. 3. The 2005 loan (the "subject loan") was memorialized in a Promissory Note secured by a Deed of Trust on the property. (RJN, Ex. 3.) The Deed of Trust on the subject loan identified Bank United F.S.B. as the lender and Esther Santos, SR VP of National Bank Operations, Bank United F.S.B., as the trustee. Id.

An Assignment of Deed of Trust dated January 8, 2010, assigned and transferred to Defendant "all beneficial interest under [the] Deed of Trust dated 12-06-2005, executed by [Plaintiffs] Claude Colwell and Carolina Johnson . . . ." (RJN, Ex. 6.) Defendant substituted Robert E. Weiss, Incorporated, as trustee of the Deed of Trust on February 3, 2010. (RJN 7.) Both the Assignment of Deed of Trust and Substitution of Trustee were recorded with the El Dorado County Recorder on February 8, 2010. (RJN 6-7.)

Plaintiffs allege that the lender, Bank United F.S.B., and the mortgage broker, Freestand Financial, engaged in a "predatory lending scheme" in originating the subject loan. (Compl. ¶ 12.) For example, Plaintiffs allege the broker knowingly overstated their income in the loan application; Defendants were aware that the subject loan "was against [Plaintiffs'] interests[;]" and Defendants failed to disclose a number of the subject loan's terms, such as its interest rate, the

---

[1](...continued)
However, since Defendant has failed to show how these documents are relevant to its motion, this portion of the request is denied.

prepayment penalties and the maximum amount to which the loan could rise. Id. ¶¶ 46, 50, 52. Plaintiffs also allege Defendant improperly initiated foreclosure activities against them when it did not have the power and right to foreclose on their property. Id. ¶¶ 98, 114, 151-52, 167-69.

## V. DISCUSSION

Plaintiffs allege ten state claims in their Complaint, nine of which are alleged against Defendant. Defendant challenges the sufficiency of every claim alleged against it.

### A.    Deceit, **Fraud**, Constructive Fraud and Conspiracy to Defraud

Defendant seeks dismissal of Plaintiffs' first four claims, in which Plaintiffs allege deceit, fraud, constructive fraud, and civil conspiracy to defraud, arguing they fail to comply with Rule 9(b)'s heightened pleading standard. (Mot. 12:1-3, 12:23-24, 13:6-7.)

Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in all civil cases, regardless of whether or not "fraud" is an essential element of the claim. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-1105 (9th Cir. 2003). As explained by the Ninth Circuit in Vess:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).
>
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are

1                 subject to Rule 9(b)'s heightened pleading
2                 requirements.

3   <u>Id.</u> (citations omitted).

4         Rule 9(b) provides that "[i]n alleging fraud or mistake, a

5 party must state with particularity the circumstances constituting fraud

6 or mistake."  The required specificity includes the "time, place, and

7 specific content of the false representations as well as the identities

8 of the parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d

9 756, 764 (9th Cir. 2007) (quotation omitted).

10         Plaintiffs' claims for deceit, fraud, constructive fraud and

11 civil conspiracy to defraud against Defendant are based upon the

12 following allegations:

13             [Defendant] falsely represented to Plaintiffs
14             that [it] had the power and right to foreclose on
               the Subject Property and concealed that they did
15             not have the power and right to foreclose on the
               Subject Property.

16             On February 3, 2010, [Defendant] claimed to
17             have the power to foreclose on the Subject Property
               and on February 8, 2010, filed and served a Notice
18             of Default asserting the right to foreclose.

19 (Compl. ¶¶ 98-99, 114-115, 123, 126-127, 132.)

20         These "averments of fraud" do not provide the specificity

21 required by Rule 9(b). <u>See</u> <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120,

22 1125-27 (9th Cir. 2009) (holding allegations concerning false

23 representations and non-disclosures "are grounded in fraud" and are

24 subject to Rule 9(b)). They do not provide sufficient detail concerning

25 the time, date, and place of the alleged misrepresentations or the

26 identity of who made them. Therefore, Plaintiffs' claims against

27 Defendant alleging deceit, fraud, constructive fraud and civil

28 conspiracy to defraud are dismissed.

**B.   California Business & Professions Code section 17200**

Defendant also seeks dismissal of Plaintiffs' California Business and Professions Code section 17200 ("§ 17200") claim, arguing "Plaintiffs have not alleged any 'unfair' business practice." (Mot. 14:26-27.) Plaintiffs counter that they have alleged predicate "unlawful," "unfair," and "fraudulent" conduct by Defendant, sufficient to state a § 17200 claim. (Opp'n 11:1-3, 12:2, 12:9-10.)

California's Unfair Competition Law, § 17200, prohibits "unlawful, unfair or fraudulent" business acts and practices. Since "unfair competition" is defined in the disjunctive, the statute establishes three separate types of actionable conduct, prohibiting practices that are either "unfair," "unlawful," or "fraudulent." Cel-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

Plaintiffs allege in support of their § 17200 claim that "Defendants' acts . . . constitute unlawful, unfair and/or fraudulent business practices, as defined by [§ 17200]." (Compl. ¶ 143.) Plaintiffs further allege that "[a]s a result of Defendants' wrongful conduct, Plaintiffs have suffered and continue to suffer damages and injuries in an amount subject to proof at trial." Id. ¶ 144.

These allegations are vague and conclusory, and do not differentiate between the conduct of Defendant and the other defendants. Since Plaintiffs' § 17200 claim has not been pled with the requisite particularity, it is dismissed against Defendant.

**C.   California Civil Code section 2923.5**

Defendant also seeks dismissal of Plaintiffs' California Civil Code section 2923.5 ("§ 2923.5") claim, which is based upon Plaintiffs' allegation that they "were never contacted in person or by telephone to

1  assess their financial situation and explore options to avoid

2  foreclosure prior to the date of the Notice fo Default's filing."

3  (Compl. ¶ 151.) Defendant argues § 2923.5 "does <u>not</u> require the lender

4  to contact the borrower in person or by phone but requires due diligence

5  to attempt such contact[,]" and Plaintiffs' § 2923.5 claim is

6  "conspicuously absent of any allegation that [Defendant] did not . . .

7  complete the due diligence required by statute." (Mot. 15:19-20.)

8          Section 2923.5 requires "a mortgagee, trustee, beneficiary, or

9  authorized agent" to "contact the borrower in person or by telephone in

10 order to assess the borrower's financial situation and explore options

11 for the borrower to avoid foreclosure" or show "due diligence" in

12 attempting to contact the borrower at least thirty days prior to filing

13 a Notice of Default. Cal. Civ. Code § 2923.5(a)(1) and (2), (g). The

14 statute also requires the Notice of Default to "include a declaration

15 that the mortgagee, beneficiary, or authorized agent has contacted the

16 borrower, has tried with due diligence to contact the borrower . . . or

17 that no contact was required." <u>Id.</u> § 2923.5(b). Section 2923.5 does not

18 require actual personal or telephone contact; attempted contact may be

19 sufficient.

20          The declaration filed with the Notice of Default states:

21          The mortgagee, beneficiary or authorized agent has
            tried with due diligence, but has been unable to
22          contact the borrower to discuss the borrower's
            financial situation and to explore options for the
23          borrower to avoid foreclosure. The diligent efforts
            have included correspondence by first class mail,
24          certified mail, return receipt requested, and by
            attempted telephone contact. Thirty days or more
25          have elapsed since these diligent efforts were
            completed.
26

27 (RJN 8, at 3.) Therefore, Plaintiffs' § 2923.5 allegations fail to state

28 a plausible claim, and the § 2923.5 claim is dismissed. See <u>Curtis v.</u>

Option One Mortgage Corp., No. 1:09-cv-0982 AWI SMS, 2010 WL 1729770, at *7 (E.D. Cal. April 28, 2010) (dismissing § 2923.5 claim "in light of the [due diligence] statements in the Notices of Default and Plaintiff's lack of allegations to the contrary).

**D.   Wrongful Foreclosure**

Defendant also seeks dismissal of Plaintiffs' California Civil Code section 2924 ("§ 2924") wrongful foreclosure claim, arguing, *inter alia,* Plaintiffs are making "the common and unmeritorious 'produce the note' claim[,]" which is "insufficient to state a [wrongful foreclosure] claim." (Mot. 16:6-7.) Plaintiffs do not address Defendant's challenge to their wrongful foreclosure claim in their Opposition.

This claim is premised upon a wrongful foreclosure having already occurred. Foster v. SCME Mortgage Bankers, Inc., No. CIV 2:10-518-WBS GGH, 2010 WL 1408108, at *4 (E.D. Cal. 2010) ("Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale that has already occurred.") However, Plaintiffs' allegations reveal there has been no foreclosure of their property. (Compl.  ¶¶ 82, 176, 208.)  Therefore, "this claim is not ripe for review" and is dismissed. See Boles v. Merscorp, Inc., No. CV 08-1989 PSG (Ex), 2009 WL 734133, at *6 (C.D. Cal. Mar. 18, 2009) (dismissing wrongful disclosure claim *sua sponte* when foreclosure had not yet occurred).

**E.   Restitution and Rescission, Declaratory and Injunctive Relief**

Lastly, Defendants seek dismissal of Plaintiffs' ninth claim for "restitution and rescission" and Plaintiffs' tenth claim for "declaratory and injunctive relief." Defendants argue, *inter alia,* that these claims fail because they are predicated on Plaintiffs' other claims for relief, and "all of Plaintiffs' underlying claims fail."

(Mot. 18:5-7, 18:10-11; 19:24-20:2.) Plaintiffs rejoin that "although [the tenth claim] is entitled 'declaratory and injunctive relief' and is a remedy, the allegations for this cause of action state an appropriate cause of action because it restates all of the prior allegations and requests declaratory and injunctive relief thereon." (Opp'n 14:3-5.) Plaintiffs do not discuss their ninth claim for "restitution and rescission" in their Opposition.

Plaintiffs' premise both their ninth and tenth claims against Defendant upon their earlier allegations that Defendant did not have the right to foreclose on their property. (Compl. ¶¶ 177, 182, 186-206.) However, since Plaintiffs have failed to state an underlying claim against Defendant, these claims fail as well. See Ozuna v. Home Capital Funding, No. 08-CV-2367-IEG (AJB), 2009 WL 4544131, at *11 (S.D. Cal. Dec. 1, 2009) (holding "rescission is not a cause of action, but a remedy" and dismissing rescission claim when no underlying cause of action was stated against the defendant) (citations omitted); Marcelos v. Dominguez, No. C 08-00056 WHA, 2008 WL 1820683, at *11 (N.D. Cal. April 21, 2008) (dismissing claim for rescission and restitution on the ground that "it is not a claim for relief, but rather a remedy"); Lane v. Vitek Real Estate Industries Group, 713 F. Supp. 2d at 1104 (dismissing claim for "declaratory and injunctive relief" where plaintiffs' other claims were dismissed since "declaratory and injunctive relief are not causes of action in and of themselves"). Therefore, Plaintiffs' "restitution and rescission" claim and "declaratory and injunctive relief" claim are dismissed against Defendant.

**VI. CONCLUSION**

For the stated reasons, Defendant's motion to dismiss is GRANTED. Since all claims alleged against Defendant are dismissed, Defendant's motion for a more definite statement is DENIED as moot. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint.

This action may be dismissed with prejudice against the movant under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated:  December 16, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge