IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA JOHNSON and CLAUDE COLWELL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK UNITED,<br><br>　　　　Defendant.<br>_____ | 2:10-cv-02567-GEB-KJM<br><br>ORDER GRANTING IN PART AND DENYING IN PART BANK UNITED'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING MOTION FOR A MORE DEFINITE STATEMENT |

　　　　Defendant Bank United ("Bank United") moves for dismissal of Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing it fails to state a claim upon which relief can be granted. Bank United seeks in the alternative a more definite statement of the allegations in the FAC under Rule 12(e). However, because of the rulings below, only the 12(b)(6) motion is addressed since only Plaintiff's violation of California Civil Code section 2923.5 claim survives Bank United's 12(b)(6) motion and, as to that claim, Defendant has not shown a more definite statement is required. Therefore, Defendant's motion for a more definite statement is denied.

## I. LEGAL STANDARD

To avoid having a complaint dismissed under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

When determining whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, this "tenet . . . is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).

**II. REQUEST FOR JUDICIAL NOTICE**

Bank United seeks to support its dismissal motion with the following documents of which it requests judicial notice be taken of the following bankruptcy court documents: Plaintiff's Chapter 13 Bankruptcy Petition, which was filed on October 13, 2010 in the United State Bankruptcy Court, Eastern District of California, and a copy of the docket for that action which was printed on February 28, 2011. (Def.'s Req. for Judicial Notice ("RJN") Ex. 11.) This request is granted.

Bank United also requests that judicial notice be taken of five documents recorded with the El Dorado County Recorder: a Deed of Trust recorded on December 15, 2005; an Assignment of Deed of Trust recorded on February 8, 2010; a Substitution of Trustee recorded on February 8, 2010; a Notice of Default and Election to Sell under Deed of Trust, recorded on February 8, 2010; and a Notice of Trustee's Sale recorded on August 9, 2010. (Mot. 9:3-9; ECF No. 4, Exs. 3, 6-9.) Since these documents are publically recorded, they may be judicially noticed and the request is granted. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (1992) (taking judicial notice of documents in a county's public record, including deeds of trust).

**III. BACKGROUND**

Plaintiffs allege in their FAC that they are "the owners and purchasers of real property located at 4100[ B]estafa Court, Placerville, California[.]" (FAC ¶ 1.) They purchased their home in or about 1999, and "refinance[d] their home" with Bank United F.S.B. in 2005 (the "subject loan"). Id. ¶¶ 14-17; ECF No. 4, Ex. 3. The subject loan was memorialized in a Promissory Note secured by a Deed of Trust on the property. (ECF No. 4, Ex. 3.) This Deed of Trust identified Bank

3

1  United F.S.B. as the lender and Esther Santos, SR VP of National Bank
2  Operations, Bank United F.S.B., as the trustee. Id.
3         An Assignment of Deed of Trust dated January 8, 2010, assigned
4  and transferred to Bank United "all beneficial interest under [the] Deed
5  of Trust dated 12-06-2005, executed by [Plaintiffs] Claude Colwell and
6  Carolina Johnson[.]" Id. Ex. 6. Bank United substituted Robert E. Weiss,
7  Incorporated, as trustee of the Deed of Trust on February 3, 2010. Id.
8  Ex. 7. Both the Assignment of the Deed of Trust and Substitution of
9  Trustee were recorded with the El Dorado County Recorder on February 8,
10 2010. Id. Exs. 6-7.
11        Plaintiffs allege Bank United improperly initiated foreclosure
12 activities against them when it did not have the power and right to
13 foreclose on their property and "Plaintiff cannot ascertain who is the
14 true 'beneficiary' and proper 'enforcer' of the rights claimed under the
15 Note." Id. ¶¶ 53, 69-70, 83.

**IV. DISCUSSION**

17        Plaintiffs' FAC is comprised of six state claims, five of
18 which are alleged against Bank United; the claim not alleged against the
19 movant is Plaintiffs' fourth claim, which is a negligence claim alleged
20 only against dismissed Defendants Bank United F.S.B. and Freestand
21 Financial. (FAC ¶¶ 92-99.)
22    **A.   Deceit, Fraud, and Constructive Fraud**
23        Bank United seeks dismissal of Plaintiffs' deceit, fraud, and
24 constructive fraud claims, arguing they fail to comply with Rule 9(b)'s
25 heightened pleading standard. (Mot. 14:16-15:9.)
26        This standard applies to "averments of fraud" in all civil
27 cases, regardless of whether or not "fraud" is an essential element of
28

a claim. <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-1105 (9th Cir. 2003).

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).
>
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

<u>Id.</u> (citations omitted).

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted).

Plaintiffs' deceit claim is premised on the following allegations:

> [Defendant] knew Plaintiffs were unaware of, and could not reasonably have discovered, material information about the right of foreclosure because only [Defendant] and the Note holder have knowledge of the whereabouts of the original Note.
>
> [Defendant's] assertions of the power to foreclose deceived Plaintiffs and, as such, [Defendant] was under a duty to inform Plaintiffs of the true facts.

(FAC ¶¶ 69-70.)

5

Plaintiffs' fraud and constructive fraud claims are premised on the following allegations:

> The suppression of the facts surrounding [Defendant's] lack of the right to foreclose was likely to, and did, mislead Plaintiffs . . . .
>
> Plaintiffs, at the time of these misrepresentations, failures to disclose information, and suppression of information . . . were ignorant of the facts [Defendant] suppressed and failed to disclose. If Plaintiffs had been aware of such facts, Plaintiffs would not have . . . justifiably rel[ied] on [Defendant's] representations and refuse[d] to oppose [Defendant's] Notice of Default and claim to foreclose.

Id. ¶¶ 83, 85, 89-90.

These "averments of fraud" do not provide the specificity required by Rule 9(b) since they do not provide Bank United with sufficient detail concerning the time, date, and place of the alleged misrepresentations and the identity of who made the alleged misrepresentations. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009) (holding allegations concerning false representations and non-disclosures "are grounded in fraud" and are subject to Rule 9(b)). Therefore, Plaintiffs' deceit, fraud, and constructive fraud claims against Bank United are dismissed.

**B.   California Business & Professions Code section 17200**

Bank United also seeks dismissal of Plaintiffs' California Business and Professions Code section 17200 ("section 17200") claim, arguing "Plaintiffs have not alleged any 'unfair' business practice." (Mot. 16:6-7.)

California's Unfair Competition Law, section 17200, prohibits "unlawful, unfair or fraudulent business" acts and practices. CAL. BUS. & PROF. CODE § 17200. Plaintiffs allege in their section 17200 claim that "Defendants' acts . . . constitute unlawful, unfair and/or fraudulent

6

business practices, as defined by [section 17200]." (FAC ¶ 128.) Plaintiffs further allege that "[a]s a result of Defendants' wrongful conduct, Plaintiffs have suffered and continue to suffer damages and injuries in an amount subject to proof at trial." Id. ¶ 129.

These allegations are vague and conclusory. Further, these allegations do not differentiate between the actions of Bank United and the dismissed Defendants. Therefore this claim is dismissed.

### C. California Civil Code section 2923.5

Bank United also seeks dismissal of Plaintiffs' California Civil Code section 2923.5 ("section 2923.5") claim. (Mot. 18:19-22.) Plaintiffs allege in this claim: "[p]rior to 30 days before the . . . Notice of Default was filed[,] plaintiffs were never contacted in person or by telephone . . . [to] assess their financial situation[ and] . . . explore options to avoid foreclosure[,]" and "defendant did not conduct due diligence in attempting to contact plaintiff as required by section 2923.5(g)[.]" (FAC ¶¶ 134, 136.)

Section 2923.5 prescribes: "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default . . . until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." CAL. CIV. CODE Section 2923.5(a)(1). However, this contact requirement does not apply if "[a] case has been filed by the borrower under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure." CAL. CIV. CODE § 2923.5(h)(3).

Bank United argues that while Plaintiffs' bankruptcy is pending, "the provisions of [section 2923.5] do not apply." (Mot. 17:20-

7

22.) Bank United also argues "Plaintiffs have elected the bankruptcy code protection for avoidance of the foreclosure sale and Plaintiffs no longer have standing to assert the private right of action under section 2923.5." (Reply 3:25-27.) Plaintiffs counter that "[t]he fact that a foreclosure is not taking place because . . . [Plaintiffs' bankruptcy is] still pending does not detract from the cause of action that 2923.5 was violated." (Opp'n 2:13-14.)

Plaintiffs filed for bankruptcy after the Notice of Default was filed. (RJN Ex. 11; ECF No. 4, Ex. 8.) Therefore, Bank United has not shown the inapplicability of the notice requirement prescribed in section 2923.5(a)(1), and this portion of the dismissal motion is denied.

### D. Leave to Amend

Bank United argues that all of Plaintiffs' dismissed claims should "be dismissed with prejudice." (Reply 5:9-12.) Plaintiffs do not request leave to amend; however, if a Rule 12(b)(6) motion is granted, the "'district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. U.S., 58 F.3d 484, 497 (9th Cir. 1995)).

Plaintiffs indicate in their opposition that they could adequately plead their deceit and fraud claims; therefore, Plaintiffs are granted leave to amend these three claims. However, the Court previously dismissed Plaintiffs' section 17200 claim for the same reasons stated in this Order, and it is clear "any amendment would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039

(9th Cir. 2002). Therefore, Plaintiffs' claim for violation of California Business and Professions Code section 17200 is dismissed with prejudice.

### V. CONCLUSION

For the stated reasons, Bank United's motion to dismiss is GRANTED IN PART AND DENIED IN PART and its motion for a more definite statement is DENIED. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies of any claim dismissed without prejudice.

Further, Plaintiffs are notified that any dismissed claim may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated: October 7, 2011

GARLAND E. BURRELL, JR.
United States District Judge