IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA JOHNSON AND CLAUDE COLWELL, | 2:10-cv-02567-GEB-KJM |
| Plaintiffs, | |
| v. | ORDER* |
| BANK UNITED, | |
| Defendant. | |

Defendant seeks an order dismissing Plaintiffs' deceit, fraud, and constructive fraud claims with prejudice under Federal Rule of Civil Procedure ("Rule") 41(b) since "Plaintiffs have failed to timely file their Amended Complaint pursuant to this Court's order." (Def.'s Mot. 3:26-27.) Plaintiffs did not file an opposition brief.

An order issued on October 11, 2011, dismissing Plaintiffs' deceit, fraud, and constructive fraud claims against Defendant. (ECF No. 35.) The October 11, 2011 Order granted Plaintiffs "fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in any claim dismissed without prejudice" and warned Plaintiffs that "any dismissed claim may be dismissed with prejudice under [Rule] 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period." Id. 9:7-13.

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Plaintiffs did not file an amended complaint within the prescribed time period. In light of Defendant's Rule 41(b) dismissal with prejudice request, and the expired leave to amend period prescribed in the October 11, 2011 Order, the Court considers whether Plaintiffs' deceit, fraud, and constructive fraud claims should be dismissed with prejudice under Rule 41(b) for failure to comply with a court order.

When deciding whether to dismiss a case for failure to comply with a court order, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal with prejudice of the above-referenced claims since Plaintiffs' non-compliance with the October 11, 2011 Order has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."); Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

The third factor concerning the risk of prejudice to a defendant considers the strength of a plaintiff's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to the plaintiff's reason for defaulting."). Since Plaintiffs have provided no reason for their non-compliance, the third factor also favors dismissal with prejudice.

1    The fourth factor concerning whether the Court has considered
2 less drastic sanctions, also weighs in favor of dismissal with prejudice
3 since Plaintiffs failed to amend their complaint within the prescribed
4 time period despite the warning that the claims could be dismissed with
5 prejudice if an amended complaint was not timely filed. See Ferdik v.
6 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's
7 warning to a party that his failure to obey the court's order will
8 result in dismissal can satisfy the 'consideration of alternatives'
9 requirement.").

10    The fifth factor concerning the public policy favoring
11 disposition of claims on their merits, weighs against dismissal of the
12 above-referenced claims with prejudice. See Pagtalunan, 291 F.3d at 643
13 ("Public policy favors disposition of cases on the merits.").

14    Since the balance of the factors strongly favors dismissal
15 with prejudice, Defendant's motion is GRANTED, and Plaintiffs' deceit,
16 fraud, and constructive fraud claims are dismissed with prejudice.

Dated:  May 22, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge